[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO MODIFY (#131)
The parties were divorced on March 27, 1991. There remained one (1) minor child, Christopher, who continued to live with his father in the marital home following the divorce, while the parents shared joint custody. The defendant agreed to pay and was ordered to pay the sum of One Hundred Fifty ($150.00) Dollars per week as periodic alimony. The agreement and order modifies that weekly award to One ($1.00) Dollar per year commencing March 29, 1996.
The parties now find themselves in a position that was not contemplated at the time of their divorce, that is, that their children, while in their majority, remain largely dependent upon their parents for shelter and care, and the youngest, still in high school, is residing with mother in an apartment, rather than with father in the marital home.
The parties had a long term marriage, and the plaintiff agreed to an amount of periodic alimony for five (5) years, which then was reduced to One ($1.00) Dollar per year. She made that decision knowing about her health problems, but as she testified, also being motivated to recreate her life and be gainfully employed outside the home.
In fact, she was able to increase her income over the three (3) years post-judgment until Christopher came back to live with her. She testified that her multiple sclerosis was negatively affected by Chris' problems, and her increased obligations as a result of his living with her full-time. Obviously, both parents encountered another adjustment difficulty with their child after the court's judgment, and at a time when the child was approaching the age of majority.
The plaintiff has requested the court to increase the award of periodic alimony predicated on her change of circumstances. She claims that she can only be employed on a part-time basis because of her health, and her commitment to Chris. In her proposed orders, she seeks alimony predicated on an ability to earn at a level found at the time of the dissolution. CT Page 12488
The defendant claims that the only change in his circumstances is that he is not able to pay himself the same salary as he received at the time of the dissolution because of business losses over the last three (3) years, and because the value of his business has diminished based on economic condition and a business debt of Fifty Thousand ($50,000.00) Dollars. He claims that the plaintiff has demonstrated an earning capacity which entitles him to a modification downward. He suggests that he pay the plaintiff One Hundred Twenty-Five ($125.00) Dollars per week in alimony, and that the time limitation remain.
The defendant claims that he has not changed his activity with his Karate business and involvement with the East Coast Metro All-Stars, a traveling team. He claims any assessment of value or income from that business was made at the time of the dissolution. The court agrees. There was a paucity of proof that circumstances had changed with respect to his accountability of funds received and disbursed from that activity. Certainly, the original financial awards took similar evidence into account, and decisions were made accordingly. The defendant's participation in that activity only underscores his ability to go on with his life's activities more readily than the plaintiff, particularly with her new-found obligations to her adult children.
The court finds that the increased obligations of care and support of a dependent child who has reached the age of majority, and her resulting decrease in income are a substantial change in circumstances. The court will grant the plaintiff's motion to modify and order the defendant to pay Two Hundred ($200.00) Dollars per week in periodic alimony, effective 9/16/94.
The issue of continuing that weekly spousal support order after March 29, 1996 is not yet ripe for determination. The status of the child and her employability at that time will have to be further assessed.
The defendant's motion to modify is denied.
/s/ Dranginis DRANGINIS, J. CT Page 12489